NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| L.B. and J.B. o/b/o J.B., and L.B. and J.B., individually,<br><br>*Plaintiffs*,<br>v.<br><br>ROSELLE BOARD OF EDUCATION; KEVIN WEST, former Superintendent; MONICA AHEARN, Director of Special Services; TENNEH LEWIS, Social Worker and Case Manager; NICOLE RIVERA-FORBES, Social Worker and Case Manager; ROCHELLE BLUM, Psychologist; DANIEL EARLE, LDTC; FRAIDI SILBERBERG, Speech and Language Therapist; MARK FABER, Psychiatrist; CHANTEL JASEY, Transition Coordinator; SHANNON JORDAN, Teacher; and JOHN and JANE DOES, Administrators, Teachers, Child Study Team Members, Nurses, et al.; all in their individual capacities,[1]<br><br>*Defendants*. | Civil No. 2:18-cv-11588 (KSH) (CLW)<br><br>(Consolidated with 2:18-cv-15699 (KM)(SCM))<br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

Before the Court is the defendants' motion (D.E. 32) to dismiss certain counts of the consolidated complaint filed on March 29, 2019 (D.E. 26, "Consol. Compl.").[2]

---

[1] The caption used by the parties does not list defendant RASHON MICKENS, Principal, who is included among the individual defendants in the body of the complaint.
[2] According to defendants (D.E. 32-1, at 1 n.1), named individual defendant FRAIDI SILBERBERG, Speech and Language Therapist, has not been served.

1

This operative complaint was filed pursuant to an order of Magistrate Judge Cathy Waldor (D.E. 19), and it consolidates plaintiffs' lawsuit filed on November 5, 2018 against the same defendants alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. §§ 701 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, 42 U.S.C. § 1983 ("Section 1983"), the New Jersey Constitution, the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 to -49, and the First and Fourteenth Amendments, with the original complaint that sought relief from rulings of two Administrative Law Judges in the Office of Administrative Law on a series of due process hearings held between 2016 and 2018, when plaintiff J.B. was a student in the Roselle school district.

In its second paragraph, the consolidated complaint describes plaintiffs' lawsuit thus:

> Plaintiffs seeks (sic) review of two administrative decisions: ALJ Richard McGill, Docket Nos. EDS 05079-16 (Agency Ref. No. 2016-24067) dated April 13, 2018 and ALJ Ellen Bass, Decision (Docket No. EDS 16796-16, Agency Dkt. No. 2017-25238), dated August 7, 2018. In addition, Plaintiffs seek relief against the Defendant District, and other named Defendants, known and unknown, in their individual and official capacities, for their deliberate indifference to Plaintiffs' rights, and retaliatory conduct, for compensatory education, and compensatory and punitive damages.

(Consol. Compl., ¶ 1.) Accordingly, the consolidated complaint sets forth the following 12 counts: a claim for violation of the IDEA (Count One); a claim for violating plaintiffs' rights under the IDEA (Count Two); a challenge seeking partial

2

reversal of ALJ McGill's decision (Count Three); a challenge seeking reversal of ALJ Bass's decision (Count Four); a claim for violation of Section 504 (Count Five); a claim for violating Section 504 via retaliation (Count Six); a claim for violation of the ADA (Count Seven); a Section 1983 claim for violating Section 504 and the ADA via retaliation (Count Eight); a claim for violating the New Jersey Constitution (Count Nine); a claim for violating plaintiffs' rights under the NJLAD (Count Ten); a claim for violating the NJLAD by aiding and abetting the discriminatory actions of others (Count Eleven); and a Section 1983 claim for violating plaintiffs' rights to protected speech under the First Amendment and the Equal Protection clause of the Fourteenth Amendment (Count Twelve).

## I. LEGAL STANDARD

Defendants' motion attacks the consolidated complaint on both jurisdictional and non-jurisdictional grounds under Rules 12(b)(1) and 12(b)(6).

A motion to dismiss under Rule 12(b)(1) may present either a facial or a factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (Vazquez, J.). When reviewing facial attacks, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party of Pa. v.*

3

*Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012).  In contrast, with a factual attack, "a court may weigh and 'consider evidence outside the pleadings.'" *Id.* (quoting *Gould Elecs. Ins. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

A defendant may also move to dismiss a complaint for failing to state a claim under Rule 12(b)(6).  An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).

## II. ANALYSIS

Before addressing defendants' motion as it relates to the individual counts, the Court rules on their challenge under Rule 12(b)(1) to subject matter jurisdiction over J.B. (parent).

Defendants correctly point out that J.B. (parent) must be dismissed as a plaintiff on grounds that he did not participate in either of the two impartial due process proceedings held below that resulted in adverse decisions.  He cannot contest

4

those decisions and initiate an action as he is not an "aggrieved party" within the meaning of 20 U.S.C. § 1415(i)(2)(A). The Court also notes that his dismissal is warranted under the theory that he has not exhausted the administrative process. *See D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 274 (3d Cir. 2014) ("[T]he IDEA grants subject matter jurisdiction to the federal district courts. The language of the IDEA makes clear, however, 'that Congress intended plaintiffs to complete the administrative process before resorting to federal court.' This includes . . . participation in a due process hearing[.]") (citations omitted)).

Based on the foregoing, defendants' motion to dismiss all claims asserted by J.B. (parent) for lack of subject matter jurisdiction is granted.

Moving to each count:

**Counts One and Two**

The defendants do not move to dismiss these counts.

**Counts Three and Four**

Defendants argue for dismissal of these counts "against all defendants." (D.E. 32-1, at 9.) In fact, Counts Three and Four are asserted only against defendant Roselle Board of Education. (Consol. Compl. ¶¶ 110-18.) Defendants, however, are correct in seeking dismissal because plaintiffs simply allege that ALJ McGill "committed several errors in rendering his final decision" (Count Three), and that ALJ Bass "committed several errors in her decision" (Count Four). (*Id.* ¶ 111, 115.) Complaints about errors on the part of Administrative Law Judges do not constitute

5

affirmative claims warranting relief against Roselle Board of Education. Both counts are dismissed.

**Count Five**

The defendants do not move to dismiss Count Five.

**Count Six**

This count is the first one asserted against all defendants. In their moving and reply briefs, defendants argue that the individual defendants must be dismissed from any and all counts asserted against them for lack of subject matter jurisdiction. In opposing, plaintiffs state that the complaint "only asserts causes of action against individual defendants where specific statutes provide for such individual liability or whether the conduct amounted to intentional conduct." (D.E. 40, at 14.)

For this to be persuasive reasoning, plaintiffs must provide the Court with what those "specific statutes" are, and what conduct complained of "amount[s] to intentional conduct." (*Id.*) They fail to do so. Plaintiffs argue that the individual defendants can be held liable for retaliation under Section 504 and Section 1983, and erroneously rely on *P.N. v. Greco*, 282 F. Supp. 2d 221 (D.N.J. 2003), which, as defendants point out, "was solely premised upon the Third Circuit's ruling in *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995), which was expressly abrogated by that Court's subsequent holding in *A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007)." (D.E. 41, at 6.) *See A.W.*, 486 F.3d at 804 ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals.")

(citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (holding that "[b]ecause the individual defendants do not receive federal aid, [plaintiff] does not state a claim against them under the Rehabilitation Act")).

As to the intentional conduct of the individual defendants, plaintiffs state that theirs "is a case of first impression in this Circuit on the issue of whether the Defendants acted in 'deliberate indifference' to the rights of J.B. (student) and his parents," and are therefore subject to compensatory damages. (D.E. 40, at 15.) As authority, plaintiffs cite to the following statement in *S.H. v. Lower Merion School District*, 729 F.3d. 248, 263 (3d Cir. 2013): "[d]eliberate indifference does not require a showing of personal ill will or animosity towards the disabled person." (Internal quotation marks omitted). Context here is critical. The sentence plaintiffs advance as justifying their Section 504 claim was written in the context of the Circuit's analysis of which standard to apply – discriminatory animus or deliberate indifference – in evaluating a claim against a school district for compensatory damages under Section 504 and the ADA based on alleged intentional discrimination. Earlier in the decision, the court was unequivocal: "claims for compensatory damages under [Section 504 and the ADA] . . . require a finding of intentional discrimination," which undercuts plaintiffs' apparent attempt to avoid pleading the kind of conduct held essential to such claims. *Id.* at 261. Moreover, the Third Circuit noted that Section 504 and the ADA were statutes "enacted under Congress's Spending Clause power," and held that the defendant school district, as a recipient of federal funding, "may be held liable for

7

money damages only when it is on notice by statute that it has violated the law." *Id.* at 264. Here, because none of the individual defendants are recipients of federal funding, they cannot be liable under Section 504. *See Emerson*, 296 F.3d at 190; *A.W.*, 486 F.3d at 804.

Count Six is dismissed as to the individual defendants. It is unclear whether defendants have moved for dismissal of this count against Roselle Board of Education, and even were that evident, plaintiffs' failure to identify pertinent authority for this "first impression" lawsuit on the grounds alleged in Count Six warrant its dismissal without prejudice.

**Count Seven**

The defendants do not move to dismiss Count Seven.

**Count Eight**

Defendants correctly argue that plaintiffs cannot assert separate causes of action under Section 1983 for violations of Section 504 and the ADA. In *A.W.*, the Third Circuit was explicit: "[W]e conclude that § 1983 is not available to provide a remedy for defendants' alleged violations of [plaintiff's] rights under Section 504," finding that the remedial scheme of Section 504 was sufficiently comprehensive to preclude Section 1983 liability for violations of that statute and that "when a private, judicial remedy is available for alleged statutory violations, this remedy is intended to be exclusive." 486 F.3d at 805-06.

As for plaintiffs' Section 1983 claim for violations of the ADA, Judge Hillman in this District persuasively noted that "[e]ven though the *A.W.* court did not address whether the prohibition applies to ADA claims brought pursuant to § 1983, because the ADA . . . is the public analogue of the Rehabilitation Act, it is clear that this prohibition with regard to the . . . Rehabilitation Act is applicable to the ADA as well." *J.M. v. E. Greenwich Twp. Bd. of Educ.*, 2008 WL 819968, at 6 (D.N.J. Mar. 25, 2008).

Thus as plaintiffs' claims in Count Eight are based on purported violations of their statutory rights under Section 504 and the ADA, that count must be dismissed.

**Count Nine**

Defendants indicate an intent to dismiss this count in Point II of their moving brief but thereafter fail to provide any express arguments in support. According to plaintiffs, J.B.'s (student's) right to a thorough and efficient education, as guaranteed by the New Jersey Constitution, was violated because ALJ McGill's decision held that "the Roselle School District failed to provide a [FAPE] to J.B. during the 2012-13, 2013-14, 2014-15 and 2015-16 school year up through February 2016." (Consol. Compl. ¶ 31.) In the absence of legal argument in this motion, and because defendants' challenge can be renewed on the basis of the record that is developed on the other counts, the motion to dismiss Count Nine is denied.

**Counts Ten and Eleven**

Counts Ten and Eleven arise out of plaintiffs' asserted rights under the NJLAD. Defendants characterize these counts as consisting of L.B.'s personal "workplace retaliation claims" and J.B.'s (student's) "hostile educational environment" claims. (D.E. 32-1, at 15-18, 28-25.) What cannot be ignored is the interconnectedness of plaintiffs' assertions against the defendants by virtue of L.B.'s employment as a teacher and employee within the Roselle school district. She claims that her outspoken and regular engagement with the defendants in the course of a series of due process proceedings led to actionable retaliation against her and resulted in the deprivation of J.B.'s (student's) rights under NJLAD. On that fact pattern, defendants' technical arguments for dismissal must await a more fully developed record, and their motion to dismiss Counts Ten and Eleven is denied.

**Count Twelve**

To plead a Section 1983 retaliation claim, a plaintiff must allege: "(1) that he or she engaged in constitutionally protected conduct; (2) that the defendant took action sufficient to deter an ordinary person from engaging in such conduct; and (3) a causal connection between the two." *Jacobs v. City of Phila.*, 836 F. App'x 120, 121 (3d Cir. 2020) (citing *Palardy v. Twp. of Millburn*, 906 F.3d 76, 80-81 (3d Cir. 2018)).

The defendants argue that plaintiffs fail to substantiate whether the subject speech spoken by L.B. was made as a citizen or as a public employee, and that the complaint fails to plausibly plead a matter of public concern. Plaintiffs fail to address

this argument. Courts in this district have held such omission to be fatal to the nonmovant. *See Griglak v. CTX Mortg. Co., LLC*, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) (Cooper, J.) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count."); *Duran v. Equifirst Corp.*, 2010 WL 936199, at *3 (D.N.J. Mar. 12, 2010) (Martini, J.) ("The absence of argument constitutes waiver in regard to the issue left unaddressed, and that waives the individual counts themselves."). Argument in support of Count Twelve is deemed waived and it is dismissed.

## III. CONCLUSION

In reaching its decision on what will be dismissed from the consolidated complaint, the Court must comment on the record that both sides presented. Notwithstanding some 8,000 pages representing transcripts and submissions made during the due process hearings in the Office of Administrative Law, as well as extraneous submissions – not to mention the detour the parties took in their dispute over what required sealing – neither party saw fit to attach the decisions of Judge McGill and Judge Bass; neither supplied an index to the thousands of pages dumped on the Court or excerpted pertinent testimony; no lawyerlike and helpful guide through the maze was offered in the briefs. In fact, neither side's briefing specifically refers to the text of the decisions or salient testimony or omissions.

The Court has endeavored here to identify those issues beyond a review of the administrative record that are fit for further discovery. Plaintiff L.B. may or may not

adduce evidence that her and J.B.'s experiences with Roselle educational employees merit trial before a jury, or her non-IDEA claims may turn out to warrant dismissal on summary judgment in defendants' favor. Based on its careful review of the submissions, the Court fully expects summary judgment practice to ensue once discovery, which Judge Waldor is closely supervising, closes.

The parties are put on notice that if the exhibits, attachments, and outside references they rely on for purposes of further dispositive motion practice amount to the undisciplined mass of electronic filings and paper presented on this motion, their submissions will be rejected. In addition to her regular duties on this case, Judge Waldor will supervise motion practice for compliance with the foregoing.

An appropriate order accompanies this decision.

Date: May 14, 2021  /s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.